IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

VINCENT E. WILLIAMS,

    Petitioner,

v.                               Civil Action No. 3:11CV822

HAROLD W. CLARKE,

    Respondent.

**MEMORANDUM OPINION**

Vincent E. Williams, a Virginia prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition")[1]. Respondent has moved to dismiss. Williams has responded. The matter is ripe for disposition.

**I. GROUNDS FOR RELIEF**

Williams raises the following grounds for relief stemming from his probation violation proceeding:

Claim One     Williams's probation violation proceeding violated the Due Process[2] and Double Jeopardy Clauses.[3]

---

[1] Williams filed his § 2254 Petition form as part of a larger filing that includes a supporting brief. (ECF No. 1.) The § 2254 form is found at pages two through fifteen of his filing. (§ 2254 Pet. 2-15.) Williams's supporting brief is found at pages labeled one through twenty seven. (Mem. Supp. § 2254 Pet. 1-27.)

[2] "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. XIV, § 1.

[3] "No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V.

Claim Two      The prosecutor engaged in misconduct for prosecuting Williams in violation of the Due Process and Double Jeopardy Clauses.

Claim Three    Williams's two-year active sentence amounts to cruel and unusual punishment.

Claim Four     Counsel rendered ineffective assistance when he "fail[ed] to investigate this case [as] thoroughly as necessary" (Mem. Supp. § 2254 Pet. 23) because the prosecution violated the Double Jeopardy Clause.

Respondent moves to dismiss on the ground that Williams's claims are simultaneously procedurally defaulted and exhausted. Respondent contends that Williams procedurally defaulted Claims One, Two, and Three because Williams never presented these claims to the Supreme Court of Virginia and that the court would find them barred from review now. (Mem. Supp. Mot. Dismiss ¶ 6-7.) Respondent also moves to dismiss Claim Four, arguing Martinez v. Ryan, 132 S. Ct. 1309 (2012), fails to excuse the default in this instance.

## II. PROCEDURAL HISTORY

Williams pled guilty to violating his terms of probation, and the Circuit Court for the City of Norfolk ("Circuit Court") sentenced him to seven years of incarceration with five years suspended. Commonwealth v. Williams, CR02004682-01 (Va. Cir Ct. June 7, 2010). Williams filed no direct appeal. (§ 2254 Pet. 3.)

Thereafter, Williams filed a state petition for a writ of habeas corpus in the Circuit Court. In that petition, Williams

raised inter alia, all four claims that he raises in his § 2254 Petition. Writ of Habeas Corpus Petition, Williams v. Pixley, No. CL10-7235 (Va. Cir. Ct. filed Oct. 20, 2010). The Circuit Court found that Williams could have raised the first three claims (Claims One through Three) on direct appeal, but did not, and, thus, found them barred by Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974). Williams v. Pixley, No. CL10-7235, at 2 (Va. Cir. Ct. Dec. 28, 2010). The Circuit Court also found no ineffective assistance under Strickland v. Washington, 466 U.S. 668 (1984), based upon counsel's failure to raise Double Jeopardy during the revocation proceedings. Id. Williams filed no appeal.

On February 24, 2011, Williams filed a second state petition for a writ of habeas corpus in the Circuit Court raising the same claims as in his § 2254 Petition. See Memorandum in Support of a Petition for a Writ of Habeas Corpus Ad Subjiciendum, Williams v. Clarke, No. CL11-1553 (Va. Cir. Ct. filed Feb. 24, 2011) (capitalization corrected). The Circuit Court found the petition successive pursuant to Section 8.01-654(B)(2) of the Virginia Code,[4]

---

[4] This statute provides in relevant part:

> Such petition shall contain all allegations the facts of which are known to petitioner at the time of filing and such petition shall enumerate all previous applications and their disposition. No writ shall be granted on the basis of any allegation the facts of which petitioner had

3

and held again that Slayton barred the first three claims. Williams v. Clarke, No. CL11-1553,[5] at 2 (Va. Cir. Ct. March 30, 2011).[6] The Supreme Court of Virginia dismissed Williams's appeal because he failed to file a timely notice of appeal pursuant to Virginia Supreme Court Rule 5:9(a).[7] Williams v. Clarke, No. 111149 (Va. Sept. 21, 2011). Williams filed a Petition for Rehearing that the Supreme Court of Virginia subsequently denied. Williams v. Clarke, No. 111149 (Va. Nov. 14, 2011).

## III. EXHAUSTION AND PROCEDURAL DEFAULT

### A. Applicable Law

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies

---

knowledge at the time of filing any previous petition.

Va. Code § 8.01-654(B)(2) (West 2012).

[5] The Circuit Court, and subsequently the Supreme Court of Virginia dropped the "C" from the beginning of the case number in both of Williams's habeas actions. The Court corrected the citation here.

[6] On April 28, 2011, Williams filed a Motion for Extension of Time to File a Notice of Appeal and a Motion to Stay and on May 6, 2011, filed a Motion to Vacate or Set Aside the Judgment. The Circuit Court denied the motions. Williams v. Clarke, No. CL11-1553 (Va. Cir. Ct. June 9, 2011).

[7] The Rule states in relevant part: "No appeal shall be allowed, unless, within 30 days after the entry of final judgment or other appealable order or decree . . . appellant files with the clerk of the trial court a notice of appeal . . . ." Va. Sup. Ct. R. 5:9(a) (West 2012).

4

available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "'is rooted in considerations of federal-state comity,'" and in the Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" Slavek v. Hinkle, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 491-92 & n. 10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. See O'Sullivan v. Boerckel, 526 U.S. 838, 844-48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he [or she] has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly

5

present' his [or her] claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365-66 (1995)). Fair presentation demands that "'both the operative facts and the controlling legal principles'" must be presented to the state court. Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. Mallory v. Smith, 27 F.3d 991, 994, 995 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his [or her] federal habeas claim." Id. (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner

6

would be required to present his [or her] claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" Id. (quoting Coleman, 501 U.S. at 735 n.1).[8] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. Jones v. Sussex I State Prison, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. See Harris v. Reed, 489 U.S. 255, 262 (1989).

**B. Analysis**

While Williams raised his four claims in both of his petitions for a writ of habeas corpus in the Circuit Court, he failed to fairly present these claims to the Supreme Court of Virginia. Baker, 220 F.3d at 289. Specifically, Williams failed to appeal his first habeas petition.[9] Thus, he failed to fairly present his claims

---

[8] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." Hedrick v. True, 443 F.3d 342, 364 (4th Cir. 2006) (citing Gray v. Netherland, 518 U.S. 152, 161-62 (1996)).

[9] Williams attempted to withdraw his habeas petition on February 22, 2011. However, the Circuit Court entered judgment dismissing the petition on December 28, 2010. Williams v. Pixley, No. CL10-7235, at 2 (Va. Cir. Ct. Dec. 28, 2010).

7

to the Supreme Court of Virginia.[10] If Williams now attempted to present his claims to the Supreme Court of Virginia, that the court would find them procedurally defaulted and time-barred pursuant to Section 8.01-654(A)(2)[11] and 8.01-654(B)(2) of the Virginia Code. Both Virginia's statute of limitations for habeas actions and successive petition bars are adequate and independent procedural rules when so applied. See George v. Angelone, 100 F.3d 353, 363-64 (4th Cir. 1996); Sparrow v. Dir. Dep't of Corr., 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006).[12] Williams fails to advance any basis

---

[10] While Williams filed a second, successive habeas petition, Williams failed to file a timely notice of appeal and the Supreme Court dismissed the appeal pursuant to Va. Sup. Ct. R. 5:9(a). Williams v. Clarke, No. 111149 (Va. Sept. 21, 2011). The Court notes that Virginia Supreme Court Rule 5:9(a) is an adequate and independent state procedural rule, providing yet another reason that Williams defaulted his claims. See Wise v. Williams, 982 F.2d 142, 143-44 (4th Cir. 1992) (citing cases).

[11] This statute provides:

> A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Va. Code Ann. § 8.01-654(A)(2)(West 2012).

[12] Further, as the Circuit Court found, the Supreme Court of Virginia would find Claims One through Three procedurally barred pursuant to Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974), because they could have been, but were not, raised on direct appeal to the Supreme Court of Virginia. Slayton is an adequate and independent

8

for excusing his default for Claims One, Two, and Three.[13] Accordingly, Claims One, Two, and Three will be dismissed. As explained below, Williams asserts cause to excuse his default of Claim Four.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

### A. Cause For Default Of Ineffective Assistance

In Claim Four, Williams argues that counsel rendered ineffective assistance by failing to argue during Williams's probation revocation proceedings that the Commonwealth's claim that he absconded from two jurisdictions violated Double Jeopardy. (Mem. Supp. § 2254 Pet. 21-27.) This claim implicates the Supreme Court's recent decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012). In Martinez, the Supreme Court held,

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

---

state procedural rule when so applied. Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997).

[13] Williams argues that the Circuit Court's June 9, 2011 denial of his Motion to Stay and Motion to Vacate is the "final entry of judgment" and thus, he timely filed his notice of appeal. Williams's arguments fail to change the Court's conclusion that Williams defaulted his claims.

9

Id. at 1320. Thus, the Supreme Court established a three-part inquiry for determining whether a petitioner can establish cause for the default of an ineffective assistance claim. See Ramsey v. Runion, No. 2:11cv396, 2012 WL 3883378, at *4 (E.D. Va. Sept. 5, 2012) (applying three-step analysis). First, the state imposing the conviction must require a petitioner to raise a claim of ineffective assistance of trial counsel in a collateral proceeding rather than on direct review. Martinez, 132 S. Ct. at 1318. Next, the state must have failed to appoint counsel in the "initial-review collateral proceeding," or appointed counsel in the collateral proceeding rendered ineffective assistance under Strickland v. Washington, 466 U.S. 668 (1984). Id. Finally, to overcome the default, the underlying ineffective assistance claim must possess "some merit." Id. (citing Miller-El v. Cockrell, 537 U.S. 322 (2003)).

B. **Analysis Pursuant To Martinez**

Here, Williams satisfies the first two prongs of the inquiry,[14] but fails to satisfy the final prong because his underlying

---

[14] Respondent argues that because Williams raises a claim of ineffective assistance of counsel at his probation revocation hearing, as opposed to his criminal trial, Martinez is inapplicable. In the alternative, Respondent argues that because Williams actually raised his ineffective assistance of counsel claim in his state habeas petition filed in the Circuit Court for the City of Norfolk,

ineffective assistance claim lacks any merit. In Virginia, a petitioner must raise claims of ineffective assistance of counsel in a habeas corpus proceeding, not on direct appeal. Blevins v. Commonwealth, 590 S.E.2d 365, 368 n.* (Va. 2004) (citing Lenz v. Commonwealth, 544 S.E.2d 299, 304 (Va. 2001)). Moreover, in his state habeas proceedings, Williams had no assistance of counsel as he filed pro se. Thus, the Court turns to the third prong of the inquiry.

To demonstrate ineffective assistance of counsel, a defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. To satisfy the deficient performance prong of Strickland, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The second component of Strickland, the prejudice component, requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the

---

see Writ of Habeas Corpus Petition 10, Williams v. Pixley, No. CL10-7235 (Va. Cir. Ct. filed Oct. 20, 2010), and the Circuit Court dismissed it on the merits, he indeed raised the claim in an "initial-review collateral proceeding." Because Williams clearly fails to satisfy the third element of the Martinez inquiry, it is unnecessary to address Respondent's arguments here.

result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

Williams faults counsel for failing to investigate whether the County of Stafford, Virginia and the City of Norfolk, Virginia could simultaneously allege that Williams committed probation violations for absconding from supervision. (Mem. Supp. § 2254 Pet. 24.) Williams claims that counsel rendered ineffective assistance because "counsel certainly should have known that both cities could not lawfully allege this [identical] violation for absconding because **it is not lawful** for both cities to have had [authorized] jurisdiction over physical supervision at the same exact time." Id. Essentially, Williams faults counsel for failing to argue that his probation revocation violated the prohibitions against Double Jeopardy.

The Double Jeopardy Clause of the Fifth Amendment bars subsequent prosecutions for the same offense after either an acquittal or a conviction and against successive punishments for the same offense. See North Carolina v. Pearce, 395 U.S. 711, 717 (1969). However, "because a sentence imposed after the revocation

12

[of probation] is not considered a new punishment," but rather, a part of the original sentence, "the Double Jeopardy Clause is not implicated." United States v. Fonteneau, 277 F. App'x 293, 295 (4th Cir. 2008) (citing cases); United States v. Woodrup, 86 F.3d 359, 362 (4th Cir 1996) (citing cases). Thus, the Circuit Court's imposition of Williams's remaining sentence fails to implicate Double Jeopardy. Moreover, contrary to Williams's assertion, probation revocations in two jurisdictions also fail to implicate Double Jeopardy. See United States v. Richardson, 269 F. App'x 493, 495 (5th Cir. 2008) (citing cases). Trial counsel reasonably eschewed raising such an unmeritorious claim in the probation revocation proceeding, and, thus, was not deficient.

Because Williams's underlying claim of ineffective assistance of trial counsel lacks merit, he fails to satisfy the third prong of Martinez. Williams procedurally defaulted Claim Four and it will be dismissed.

## V. CONCLUSION

Accordingly, Respondent's Motion to Dismiss (Docket No. 14) will be granted. Williams's Motion to Dismiss (Docket No. 18) and Motion for the Court to Review the § 2254 Petition Despite the State Supreme Court's Alleged Procedural Bar (Docket No. 20) will be denied. The petition for a writ of habeas corpus will be denied.

13

The action will be dismissed. A certificate of appealability will be denied.[15]

The Clerk is directed to send copy of the Memorandum Opinion to Williams and counsel of record.

/s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January 2, 2013

---

[15] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Williams fails to make this showing.